KATHERINE A. KUMBLE et al., complainants-respondents,

*v.*

NATHAN JAFFEE, defendant-appellant.

[Argued May term, 1926.   Decided October 18th, 1926.]

1. Where a building restriction provides that no portion of any building shall be erected nearer than six feet to the south property line of any lot, and that only a single dwelling house shall be thereon erected, provided that a garage to be used for private purposes, in connection with such private residence is not prohibited, the erection

of a garage extending to within one-tenth of an inch of the boundary line is a violation of the restriction and will be enjoined.

2. A complainant is not estopped from opposing the erection because other lot owners in the vicinity, subject to similar restraint, violated the covenant, where such violations are no nearer the boundary line than four feet, and the theory of estoppel should extend no further than to permit co-extensively a similar violation by the defendant.

On appeal from a decree of the court of chancery.

*Messrs. Bourgeois & Coulomb,* for the complainants-respondents.

*Messrs. Babcock & Champion,* for the defendant-appellant.

The opinion of the court was delivered by

MINTURN, J.

The appeal brings up a decree of the court of chancery, compelling defendant to remove so much of the extension to his garage as is constructed, within five feet of the southerly line of the lot upon which it is built.

The complainant is the owner of a lot known as 108 Oakland avenue, in Ventnor city, and the defendant is the owner of the adjoining lot known as 106 Oakland avenue. Both parties obtained title under covenants in the conveyance prohibiting the erection of a building upon the respective lots, nearer than six feet to the southerly line of their respective ownerships. The defendant having erected a garage in compliance with the terms of the covenant, thereafter tore out the south wall of the structure, and commenced the erection of an addition thereto, extending to within one-tenth of an inch of his southerly line. He was then notified by the complainant that he was engaged in violating the terms of his covenant, and defendant failing to desist, the complainant at once filed this bill for an injunction to compel him to do so. Upon the hearing before the learned vice-chancellor, the defendant contended that the covenant was not intended to apply to the construction of garages. That this contention

is insubstantial becomes manifest by reference to the covenant, *i. e.,* "no portion of *any building* shall be erected nearer than six feet of the south property line of any lot." There is also the further provision that "no building shall be erected on any of the lots except only a single dwelling house, provided that a garage to be used for private purposes, in connection with such private residence is not prohibited." While the latter concession allows the erection of a garage, it is manifest that its location upon the *locus in quo* must conform with the provisions of the former covenant, both of which covenants being *in pari materia,* under the well-settled rule of construction, applicable alike to statutes and covenants, must be read together to evince the intent. *1 Kent Com. 463.*

It was further contended that the complainant is estopped from opposing the extension, because other lot owners in the vicinity, subject to similar restraint, violated the covenant, and that she stood by uncomplainingly. That violations of this covenant by others have taken place seems to be in evidence, but such violations are no nearer to the boundary line than four feet in each instance, whereas the proposed violation in the case *sub judice* is practically co-extensive with the lines of defendant's title. If the theory of estoppel be applicable, therefore, it should extend no further than to permit co-extensively a similar violation by the defendant. But the doctrine of estoppel, entirely of equitable origin, is predicated upon the theory that the complaining party was possessed, or by ordinary diligence would have been .possessed, of the essential necessary knowledge to enable him to invoke its efficacy, and that occupying that status he remained quiescent and inactive. *2 Pom. Eq. Jur. 809; Pearson* v. *Stafford, 88 N. J. Eq. 385; Brigham* v. *Mulock, 74 N. J. Eq. 288.*

The complainant, however, insists that she was not aware of the infractions of the covenant until after the buildings had been erected,· and it is conceivable that since the construction in this instance did not extend over the entire lot, the complainant's attention was not vividly called to the violation, and, therefore, that her explanation in that regard is reasonable and probably correct.

The learned vice-chancellor, apparently, so treated the situation, and we are inclined to concur with him in the conclusion he reached.

The decree appealed from will, therefore, be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, HETFIELD, JJ. 13.

*For reversal*—None.